UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARMAND BRIDGES, | ) |
| Petitioner, | ) |
| v. | ) No. 4:08CV1366 TIA |
| JEFF NORMAN, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  After reviewing the case, the Court has determined that petitioner is not entitled to relief.  As a result, the petition will be dismissed.

**Background**

On September 30, 2005, petitioner pled guilty in the Circuit Court of the City of St. Louis to one count of possession of a controlled substance at a correctional facility. Res. Ex. C at 16-31.  The State also alleged that petitioner was a prior and persistent drug offender and a prior and persistent offender.  Id. at 10-12.  Had the case gone to trial, the State would have proven that on or about August 4, 2004, petitioner was confined at the St. Louis Community Release Center.  Id. at 20.  A correctional officer at the Center conducted a pat-down search of petitioner and found a plastic wrapped, black, tarlike substance in his right front pants pocket.  Id.  The substance was .01

grams of black tar heroin. Id. The state would have also proven that petitioner was a prior and persistent drug offender and a prior and persistent offender. Id. at 21-23.

Petitioner admitted the accuracy of the State's allegations and acknowledged that, in light of his status as a prior and persistent drug offender and a prior and persistent offender, the range of punishment was ten to thirty years, or life in prison. Id. at 23. Petitioner also acknowledged that he was pleading guilty pursuant to an agreement with the State, in which the State would recommend fifteen years of imprisonment pursuant to the long-term treatment provisions of section Mo. Rev. Stat. § 217.362. Id. The court subsequently sentenced petitioner to a fifteen-year prison sentence in accordance with the plea agreement. Id. at 34.

Petitioner then challenged his conviction through a Rule 24.035 motion for postconviction relief. Res. Ex. C at 44. The circuit court denied his motion, and the Missouri Court of Appeals affirmed. Res. Ex. D.

After petitioner completed the long-term treatment program, the court released him on probation. Res. Ex. C at 5. He subsequently violated the condition of his probation that required reporting, and his fifteen-year sentence was executed. Res. Ex. E at 4; Res. Ex. F.

Petitioner filed the instant petition for writ of habeas corpus on September 8, 2008. Petitioner is incarcerated at the Southeast Correctional Center, where Jeff Norman is the Warden.

### Grounds for Relief

1. The revocation of his probation was unlawful because he had only one probation violation.

2. Plea counsel was ineffective for misinforming him that the court would impose a ten-year sentence with long-term drug treatment, as opposed to a fifteen-year sentence with treatment.

3. That he waived the preliminary hearing regarding his parole violation because his probation officer told him he would be sent to the St. Louis Release Center if he did so.

### Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

**Discussion**

Respondent has waived any procedural defenses to the petition, and respondent argues that the claims in the petition fail on the merits.

1.   Ground One

In ground one of the petition, petitioner argues that the revocation of his probation was unlawful because he had only one probation violation.

Respondent argues that this ground is non-cognizable in these proceedings because revocation of parole concerns the application of state law.

-4-

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). The claim raised in ground one of the petition concerns state law only and does not state a claim under the Constitution of the United States. As a result, ground one is non-cognizable, and petitioner is not entitled to relief on this ground of the petition.

2.   Ground Two

In ground two of the petition, petitioner argues that plea counsel was ineffective for misinforming him that the court would impose a ten-year sentence with long-term drug treatment, as opposed to a fifteen-year sentence with treatment.

Respondent argues that this claim is refuted by the record.

The Missouri Court of Appeals rejected this claim, stating:

[Petitioner's] allegation is refuted by the record. [Petitioner] stated [during the plea colloquy] he understood the range of punishment for his crime. The State recited that the plea agreement was for fifteen years in the Missouri Department of Corrections pursuant to long-term drug treatment. At that time, [petitioner] agreed that he understood this was the plea agreement. Immediately thereafter, [petitioner] testified no one had made any promises to him about his sentence other than the stated plea agreement. Subsequently, the court explained to [petitioner] that if he failed the long-term treatment, he would have "to do fifteen years."

> [Petitioner] stated he understood that and wanted the court to accept his guilty plea. After his sentence was imposed, [petitioner] never objected to his sentence and told the plea court that his attorney explained what sentence he would get if he pleaded guilty.
>
> The record of the guilty plea proceeding indicates [petitioner's] plea was voluntarily and intelligently made.

Res. Ex. E at 3.

The Court has reviewed the guilty plea transcript and finds that the appellate court's recitation of the facts is accurate.

"[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1976)).

The Missouri Court of Appeals correctly decided this issue. Petitioner's subsequent allegations that he was expecting a ten-year prison term are wholly incredible in light of petitioner's testimony during the plea colloquy. Moreover, in his habeas petition, petitioner admits that he was guilty of the charge and that he made a choice to plead guilty instead of risking going to trial. As a result, petitioner is not entitled to relief on this ground of the petition.

    3.    <u>Ground Three</u>

In ground three of the petition, petitioner argues that he waived the preliminary hearing regarding his parole violation because his probation officer told him he would be sent to the St. Louis Release Center if he did so.

Petitioner attended the parole revocation hearing on January 11, 2008. And petitioner does not allege that any of his constitutional rights were deprived at the hearing.

Whether petitioner waived the preliminary hearing under false pretenses does not state a constitutional claim and is not cognizable in these proceedings. Alternatively, petitioner cannot show that he was prejudiced by waiving the preliminary hearing. As a result, petitioner is not entitled to relief on this ground of the petition.

**Conclusion**

For these reasons, petitioner is not entitled to federal habeas relief. Furthermore, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." <u>Khaimov v. Crist</u>, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall docket this action as <u>Armand Bridges v. Jeff Norman</u>.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this   8th   day of September, 2011.

                                                                /s/ Terry I. Adelman            
                                                    UNITED STATES MAGISTRATE JUDGE